**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CATILINA NOMINEES PROPRIETARY LTD., and DANIELS SHARPSMART, INC., <br><br> Plaintiff, <br><br> vs. <br><br> STERICYCLE, INC. <br><br> Defendant. | CIVIL ACTION NO. 1:15-cv-10734 <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Catilina Nominees Proprietary Ltd. ("Catilina"), and Daniels Sharpsmart, Inc. ("Sharpsmart"), (collectively, "Plaintiffs") file this Complaint against Defendant Stericycle, Inc. ("Defendant" or "Stericycle"), and state and allege as follows:

1. This is a patent infringement action to stop Stericycle's infringement of U.S. Patent No. 6,250,465 titled "Sharps Container" ("the '465 Patent"). (Ex. A) Plaintiffs seek entry of injunctive relief prohibiting Stericycle from making, using, offering for sale, selling, and/or importing sharps containers infringing the '465 Patent, including but not limited to the Stericycle Sharps Management Service Reusable Sharps Container, as well as an award of monetary damages to compensate Plaintiffs for Stericycle's willful infringement of the '465 Patent.

## THE PARTIES

2. Plaintiff Catilina is an Australian Proprietary Company with its principal place of business at 34 Cahill Street, Dandenong South, Victoria, Australia 3175.

3. Plaintiff Sharpsmart is a Delaware Corporation with its principal place of business at 111 W. Jackson Blvd., Suite 720, Chicago, IL 60604.

4. Upon information and belief, Stericycle is a Delaware Corporation with its principal place of business at 28161 North Keith Drive, Lake Forest, IL 60045.

## JURISDICTION AND VENUE

5. This is an action for patent infringement pursuant to the Patent Laws of the United States, in particular 35 U.S.C. §§ 271, 281, 283, 284, and 285. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1338(a).

6. Upon information and belief, Stericycle is a resident of the Eastern Division of the Northern District of Illinois, as its principal place of business is within this District.

7. Upon information and belief, Stericycle has committed acts of patent infringement within this District.

8. Upon information and belief, Stericycle has sufficient minimum contacts with this District such that this Court has personal jurisdiction over Defendant and this is a fair and reasonable venue for the litigation of this action.

9. This Court has personal jurisdiction over Stericycle, and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

10. Plaintiffs are innovators in the market for reusable containment solutions for collection of regulated medical waste.

11. Along with other offerings, Sharpsmart offers a patented reusable sharps container (the "Sharpsmart Container") to healthcare facilities and other clients in the United States.

12. The Sharpsmart Container is provided as part of a service, including the delivery of clean containers, pickup of full containers, and sterilization of used containers for redeployment. Sharpsmart provides these offerings at several price points and service levels.

13. The Sharpsmart Container is marked with the statement, "Protected by US Patents numbers 6,250,465 and D451,195" on the front of the container.

14. Stericycle competes with Sharpsmart in the regulated medical waste market.

15. In or about April 2011, Stericycle engaged in discussions with stakeholders from Plaintiffs regarding a potential business transaction.

16. In conjunction with these discussions, Stericycle was provided a confidential information memorandum detailing the Sharpsmart Container, the Sharpsmart business model, and applicable intellectual property rights, including but not limited to a specific identification of U.S. Patent 6,250,465.

17. On or about December 27, 2013, Stericycle received Section 510(k) approval from the U.S. Food and Drug Administration for its "Stericycle Sharps Management Service Reusable Sharps Container." (Ex. B, 510(k) clearance K132007)

18. In its Section 510(k) submission, Stericycle relied on the Sharpsmart Container as the predicate device, describing the Stericycle Sharps Management Service Reusable Sharps Container as substantially equivalent to the Sharpsmart Container. (Ex. B at p. 2)

19. In its product description within its 510(k) submission, Stericycle described its containers as using "a counterbalanced lid design that acts as a protective barrier to keep sharps

objects within the container from coming back up through the lid and anyone from reaching into the container to retrieve sharps waste." (*Id.*)

20. Under a heading subtitled "Substantial Equivalence," Stericycle stated "[t]he intended use for the predicate device is substantially equivalent to the proposed intended use of the Stericycle Sharps Management Service Reusable Sharps Container." (*Id.*)

21. Upon information and belief, Stericycle currently offers sharps disposal products and/or services using at least those products described and approved in the 510(k) submission as the Stericycle Sharps Management Service Reusable Sharps Container (the "Stericycle Products").

## COUNT I
## PATENT INFRINGEMENT OF U.S. PATENT NO. 6,250,465

22. Plaintiffs incorporate the above paragraphs herein by reference.

23. On June 26, 2001, United States Patent No. 6,250,465 was duly and legally issued. The '465 Patent is titled "Sharps Container" and discloses a container for use in the disposal of medical sharps such as needles, syringes, surgical blades and other waste materials. A true and correct copy of the '465 Patent is attached hereto as Exhibit A.

24. Catilina is the owner of the '465 Patent by virtue of assignments that have been duly and properly recorded with the U.S. Patent and Trademark Office on or about January 13, 2000.

25. Sharpsmart possesses the exclusive license and right to practice the '465 Patent within the United States.

26. Upon information and belief, Stericycle has manufactured, made, marketed, sold, imported, and/or used sharps containers, and/or provided services based on the use of sharps

containers, comprising all of the elements and limitations of one or more of the claims of the '465 Patent, and therefore Stericycle has infringed one or more claims of the '465 Patent; and/or has induced and/or contributed to the infringement of one or more of the claims of the '465 Patent by others.

27. Stericycle has infringed and currently infringes the '465 Patent, literally and/or under the doctrine of equivalents, including at least claims 21, 22, and 23, by making, using, selling, offering for sale, and/or importing the Stericycle Products without permission or license from Plaintiffs.

28. Plaintiffs mark patented articles covered by the '465 Patent. For example, the Sharpsmart Container is marked with the statement, "Protected by US Patents numbers 6,250,465 and D451,195" on the front of the container.

29. Stericycle's infringement of the '465 Patent is willful and deliberate, in view of (i) Stericycle's prior knowledge of the '465 Patent since at least April 2011, as disclosed to Stericycle during business discussions and as part of the confidential information memorandum; (ii) Stericycle's reliance on the Sharpsmart Container as a substantially equivalent product, in order to receive Section 510(k) clearance in 2013 from the U.S. Food and Drug Administration for the Stericycle Product (*see* Ex. B); and (iii) the marking of the Sharpsmart Container as "Protected by US Patents numbers 6,250,465 and D451,195." Despite this knowledge of the Sharpsmart Container and the '465 Patent, Stericycle continues to make, use, offer for sale, sell, and/or import the Stericycle Products, or services based thereon, in direct competition with Sharpsmart.

30. Plaintiffs are entitled to recover damages as a result of Stericycle's infringing conduct, including lost profits and in no event less than a reasonable royalty, together with

interest and costs as fixed by this Court pursuant to 35 U.S.C. § 284. Plaintiffs are also entitled to treble damages and recovery of attorneys' fees as a result of Stericycle's willful infringement of the '465 Patent.

31.    Upon information and belief, Stericycle will continue its infringement of one or more claims of the '465 Patent unless enjoined by the Court. Stericycle's infringing conduct thus causes Plaintiffs irreparable harm and will continue to cause such harm without the issuance of an injunction.

## JURY DEMAND

Plaintiff hereby requests a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment that:

a. One or more claims of United States Patent No. 6,250,465 have been infringed, either literally and/or under the doctrine of equivalents, by Stericycle and/or by others to whose infringement Stericycle has contributed and/or by others whose infringement has been induced by Stericycle;

b. Stericycle, Stericycle's respective officers, agents, servants, employees, contractors, and attorneys, and all those in active concert and participation with the foregoing persons and entities be enjoined permanently from further infringement of the '465 Patent.

c. Plaintiffs be awarded damages, together with prejudgment interest and costs, to compensate Plaintiffs for Stericycle's infringement of the '465 Patent, and that such award be increased by three times the amount assessed in view of Stericycle's willful infringement;

d. Plaintiffs be awarded their costs, disbursements, and attorneys' fees pursuant to 35 U.S.C. § 285;

e. Plaintiffs recover pre-judgment and post-judgment interest on the damages caused by Stericycle's infringing activities and other conduct complained of herein;

    g.    Plaintiffs be awarded such other and further relief, at law or in equity, as the Court may deem just and proper.

Dated: November 30, 2015

Respectfully submitted,

*/s/ Russell J. Genet*
Russell J. Genet (Ill. Bar No. 6255982)
rgenet@nixonpeabody.com
Jason T. Kunze (Ill. Bar No. 6300271)
jkunze@nixonpeabody.com
70 West Madison Street, Suite 3500
Chicago, IL 60602
Tel: 312-977-4400
Fax: 312-977-4405

*Attorneys for Plaintiffs*